**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Morgan Joseph Langan,<br><br>  Plaintiff,<br><br>v.<br><br>Morgan Joseph Langan, et al.,<br><br>  Defendants. | No. CV-22-08136-PCT-GMS<br><br>**ORDER** |

Pending before the Court are Defendant Land Listing, LLC's Motion to Dismiss (Doc. 19) and Defendant Yavapai County's Motion to Dismiss for Lack of Jurisdiction (Doc. 24). For the following reasons, Yavapai County's motion is granted. As a result, Land Listing, LLC's motion is denied as moot.

On July 27, 2022, Plaintiff, Mr. Morgan Joseph Langan, filed this lawsuit against various defendants, including Yavapai County and Land Listing, LCC, a private corporation located in Arizona. Plaintiff's operative complaint seeks to quiet title to a parcel of land in Yavapai County. (Doc. 13 at 2.) On November 3, 2022, Land Listing, LLC, filed a Motion to Dismiss for improper notice of removal. (Doc. 19.) On December 15, 2022, Yavapai County filed a Motion to Dismiss for lack of subject matter jurisdiction. (Doc. 24.)

Jurisdictional determinations are a preliminary issue; thus, the Court considers Yavapai County's motion first. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549

U.S. 422, 430–31 (2007).  A motion to dismiss is properly granted under Fed. R. Civ. P. 12(b)(1) when a court lacks subject matter jurisdiction over a plaintiff's claims.  "Attacks on jurisdiction pursuant to Rule 12(b)(1) can be either facial, confining the inquiry to the allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Brooke v. Kashl Corp.*, 362 F. Supp. 3d 864, 871 (S.D. Cal. 2019) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).  When a defendant files a 12(b)(1) motion, the plaintiff bears the burden of proving jurisdiction exists.  *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Here, Yavapai County challenges Plaintiff's amended complaint on its face, arguing that it fails to allege a valid federal cause of action and inadequately pleads the requirements for diversity jurisdiction under 28 U.S.C § 1332.  (Doc. 24 at 7–9.)  In part, the amended complaint suggests that the Court has federal question jurisdiction over this case because the parcel at issue has been traced back to a federal land patent.  (Doc. 13 at 7–10.)  However, "a controversy in respect of lands has never been regarded as presenting a Federal question merely because one of the parties to it has derived his title under an act of Congress."  *Landi v. Phelps*, 740 F.2d 710, 713 (9th Cir. 1984) (quoting *Oneida Indian Nation of New York v. County of Oneida*, 414 U.S. 661, 676–77 (1974)).  As to diversity jurisdiction, the operative complaint makes no argument.  Plaintiff does not appear to allege an amount in controversy and does not allege that the parties are completely diverse.[1]

Indeed, Plaintiff does not object to Yavapai County's motion to dismiss in any respect.  Instead, in Doc. 25, styled as "NOTICE of Acceptance (Non-Negotiable)," Plaintiff states that he does not present any arguments about "the fact, jurisdiction, law, or venue" and asks the Court to discharge his case.  (Doc. 26.)  In his subsequent filings, he appears to express contrition for filing this case and reiterates his desire to terminate this action.  Thus, finding Yavapai County's jurisdictional argument persuasive and uncontroverted, the Court dismisses this case.

---

[1] Also of note: Mr. Langan is listed as both Plaintiff and Defendant in this case, which necessarily precludes complete diversity.

Accordingly,

**IT IS ORDERED** that Yavapai County's Motion to Dismiss for Lack of Jurisdiction (Doc. 24) is **GRANTED.**

**IT IS HEREBY FURTHER ORDERED** that Land Listing, LLC's Motion to Dismiss (Doc. 19) is **DENIED** as moot.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this action and enter judgment accordingly.

Dated this 30th day of January, 2023.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge