**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Morgan Joseph Langan, | No. CV-22-08136-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Morgan Joseph Langan, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Morgan Joseph Langan's Motion for Reconsideration (Doc. 32).

## BACKGROUND

The facts of this case are set out in the Court's previous order.  (Doc. 30.)  In that order, the Court dismissed Mr. Langan's case for lack of jurisdiction and denied all remaining motions as moot.  Relevant here is that the Court rejected Mr. Langan's argument that the underlying dispute raised a federal question simply because the property at issue was traceable to a federal land patent.  (Doc. 13 at 7–10.)  In his current motion, Mr. Langan argues that the Court should reconsider this holding because the "Court's jurisdiction is required to determine what source, contrary to both the U.S. and Arizona Constitution[s], grants Yavapai County the power to take private land and property under color of title absent due process then give it to another private party without just compensation in the absence of any contract."  (Doc. 32 at 1.)

**DISCUSSION**

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D.Ariz.1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1 J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Such motions should not be used to ask a court "to rethink what the court had already thought through-rightly or wrongly." *Defenders of Wildlife*, 909 F.Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983) (internal punctuation omitted).

The first and third factors are not implicated here. As to the second factor, Mr. Langan has not argued that the Court's initial decision was manifestly unjust. Next, although Mr. Langan has slightly re-stated his jurisdictional argument, the question presented is fundamentally the same: did Yavapai County's decision to foreclose Mr. Langan's property implicate a federal question? The Court evaluated that question in its previous order, and Mr. Langan has not persuaded the Court that its determination was in clear error. Counties have the authority to initiate foreclosure proceedings on patented land when a landowner fails to pay their property taxes. *Cnty. of Yakima v. Confederated Tribes & Bands of Yakima Indian Nation*, 502 U.S. 251, 251 (1992). When counties exercise this authority, they do not run afoul of the U.S. Constitution or federal law. *See generally id.* There is no federal question in this case. *Landi v. Phelps*, 740 F.2d 710, 713 (9th Cir. 1984) ("Once patent issues, the incidents of ownership are . . . matters of local property law to be vindicated in local courts").

/ / /

/ / /

/ / /

/ / /

1

## CONCLUSION

2     Accordingly,

3     **IT IS HEREBY ORDERED** that Joseph Langan's Motion for Reconsideration

4 (Doc. 32) is **DENIED**.

5     Dated this 21st day of February, 2023.

6

7

8             G. Murray Snow
            Chief United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28